**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

---

No. 99-41095

---

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

JUAN H. VILLARREAL,
*Defendant-Appellant.*

---

Appeal from the United States District Court
for the Southern District of Texas

---

June 11, 2001

Before REYNALDO G. GARZA, HIGGINBOTHAM, and SMITH, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:

Juan H. Villarreal ("Villarreal") appeals his conviction and sentences. For the reasons stated below, we **Affirm** Villarreal's conviction, but **Vacate** his sentences and **Remand** for re-sentencing.

1.      **Factual and Procedural Background**.

Before his conviction, Villarreal was a United States Immigration and Naturalization Service Inspector. On September 1, 1998, the government charged Villarreal with three counts of bribery of a public official in violation of 18 U.S.C. § 201 (b)(2), counts one, two, and four. The government further charged Villarreal with one count of fraud in connection with an identification

document in violation of 18 U.S.C. § 1028 (a)(2), count three, and one count of deprivation of a person's civil rights under color of law in violation of 18 U.S.C § 242, count five. In the indictment, the government alleged that Villarreal accepted $400 in bribes, transferred a City of Laredo Birth Registration Card, and sexually assaulted a female Mexican National in exchange for allowing her to remain in the United States. Villarreal pled not guiltily to all five counts, and the trial court set the case for a jury trial. Before trial, the government dismissed count four.

On November 30, 1998, the parties went to trial on the remaining counts, counts one, two, three, and five. On December 3, 1998, the jury found Villarreal guilty on counts two, three, and five. The jury did not reach a verdict on count one. Accordingly, the trial court declared a mistrial on that count. The trial court sentenced Villarreal to concurrent terms of imprisonment of 189 months for count two, 189 months for count three, and 120 months for count five.

2.    **Discussion**.

Villarreal contends and the government concedes that the trial court sentenced him in excess of count two's statutory maximum. We agree. Thus, we vacate Villarreal's sentence for count two and remand for re-sentencing within the statutory range. Villarreal, further, contends that there was insufficient evidence to prove count three's jurisdictional element. We disagree. Villarreal contends that the trial court sentenced him as if the jury had found beyond a reasonable doubt a fact for which there is an enhanced sentence in excess of the baseline statutory maximum though the trial court never submitted that fact to the jury. We agree.  Thus, we vacate Villarreal's sentence for count three and remand for re-sentencing within the statutory range. Finally, Villarreal contends that the jury instructions constructively amended count three of the indictment in violation of the Fifth Amendment. We disagree.

2

**2.1    The trial court sentenced Villarreal in excess of count two's statutory maximum.**

With respect to count two, the jury convicted Villarreal of violating 18 U.S.C. § 201 (b)(2) which makes it a crime for a public official to demand, seek, receive, accept, or agree to receive or accept a bribe.  A person convicted of violating 18 U.S.C. § 201 (b)(2) must not be "imprisoned [for] more than fifteen years. . . ."  18 U.S.C. § 201 (b)(2) (1998).  The trial court, however, sentenced Villarreal to fifteen years nine months imprisonment.  Since count two's 189-month sentence exceeded the 180-month statutory maximum, we vacate Villarreal's sentence for count two and remand for re-sentencing within the statutorily authorized range.

**2.2    There was sufficient evidence to prove count three's jurisdictional element.**

Villarreal challenges the sufficiency of the evidence to prove count three's jurisdictional element.  When we review the sufficiency of the evidence to support a conviction, we view the evidence in the light most favorable to the verdict.  *United States v. Dean,* 59 F.3d 1479, 1484 (5th Cir. 1995).  There is sufficient evidence to support a conviction if a rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt.  *Id.*

With respect to count three, the jury convicted Villarreal of violating 18 U.S.C. § 1028 (a)(2) which makes it a crime to knowingly transfer an identification document or false identification document knowing that such document was stolen or produced without lawful authority.  The only element Villarreal challenges, 18 U.S.C. § 1028 (a)(2)'s jurisdictional element, requires that the transfer be "in or affect[] interstate or foreign commerce."  18 U.S.C. § 1028 (c)(3)(A) (1998).

Villarreal contends that there was insufficient evidence to prove count three's jurisdictional

3

element because the identification document the jury convicted him of transferring was not in and did not affect interstate or foreign commerce. Villarreal correctly points out that the actual transfer took place entirely in Laredo, Texas and was made to an undercover officer who had no intention of using the identification document to travel across state or foreign lines or in any manner that would affect interstate or foreign commerce. Viewed in a bubble, Villarreal's argument is tempting, but it is wrong. When we decide whether a transfer of an identification document or false identification document to an undercover officer, for purposes of 18 U.S.C. § 1028, is in or affects interstate or foreign commerce, we must assume the accused completed his intended goals. *Cf. United States v. Jennings,* 195 F.3d 795, 800 (5th Cir. 1999) ("In calculating the impact of his actions for intestate commerce purposes, we assume [the accused] completed his goals); *United States v. Pearce,* 65 F.3d 22, 25 (4th Cir. 1995) (finding that the element of "affect upon interstate commerce" is satisfied if the intended criminal action would affect interstate commerce in an adverse manner). Thus, with respect to count three's jurisdictional element, we do not focus on whether the identification document actually traveled in interstate or foreign commerce or whether the transfer actually affected interstate or foreign commerce. Rather, we focus on whether the identification document would have traveled in interstate or foreign commerce or whether the transfer would have affected interstate or foreign commerce if Villarreal had successfully accomplished his intended goals.

The government produced evidence: 1) that Villarreal met with an undercover officer in a Laredo, Texas motel; 2) that Villarreal believed the undercover officer was a Mexican National in need of documents to remain in the United States; 3) that during the meeting the two discussed the pros and cons of using various documents to cross the border between the United States,

4

travel beyond Texas, and how to avoid the suspicions of immigration officers; and 4) that

Villarreal sold and the undercover officer bought a fraudulent City of Laredo Birth Registration

Card ("Registration Card") for $625. If Villarreal had successfully accomplished his intended

goals, he would have transferred the Registration Card to a Mexican National rather than an

undercover officer. Presumably, the Mexican National would have used the Registration Card to

remain in the United States and possibly travel between the United States and Mexico or beyond

Texas. Viewing this evidence in the light most favorable to the verdict, a rational trier of fact

could have found beyond a reasonable doubt that the transfer would have been in or affected

interstate or foreign commerce had Villarreal accomplished his intended goals. Thus, the

evidence is sufficient to prove count three's jurisdictional element.

> **2.3 With respect to count three, the trial court sentenced Villarreal as if the jury had found beyond a reasonable doubt a fact for which there is an enhanced sentence in excess of the baseline statutory maximum though the trial court never submitted that fact to the jury.**

Villarreal contends that the trial court sentenced him as if the jury had found beyond a

reasonable doubt that he had transferred an identification document for which there is an

enhanced sentence in excess of the baseline statutory maximum though the trial court never

submitted that fact to the jury. "Other than the fact of a prior conviction, any fact that increases

the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and

proven beyond a reasonable doubt." *Apprendi v. New Jersey,* 530 U.S. 466, 120 S. Ct. 2348,

2362-63, 147 L. Ed. 2d 435 (2000). In its jury instructions, the trial court stated, in pertinent

part:

> Count Three of the indictment charges the defendant with a violation of Title 18,

5

United States Code, Section 1028 (a)(2),[1] which makes it a crime to knowingly transfer an identification document[2] knowing that such document was stolen or produced without lawful authority.

For you to find the defendant guilty of this crime, you must be convinced that the government has proven each of the following beyond a reasonable doubt:

First: That the defendant knowingly transferred an identification document;

Second: That the defendant knew that the document was stolen or produced without lawful authority; and

Third: That the transfer of the document was in or affected interstate or foreign commerce.

An "identification document" is a document made or issued by or under the authority of the United States Government, a State, political subdivision of a State, a foreign government, a political subdivision of a foreign government, an international governmental or an international quasi-governmental organization which, when completed with information concerning a particular individual, is of a type intended or commonly accepted for the purpose of identification of individuals.

---

[1] 18 U.S.C. § 1028 (a)(2) states:

(a) Whoever, in a circumstance described in subsection (c) of this section–

> (2) knowingly transfers an identification document or a false identification document knowing that such document was stolen or produced without lawful authority. . . .

18 U.S.C. § 1028 (a)(2) (1998).

[2] The statute defines the term "identification document" as:

a document made or issued by or under the authority of the United States Government, a State, a political subdivision of a State, a foreign government, political subdivision of a foreign government, an international governmental or an international quasi-governmental organization which, when completed with information concerning a particular individual, is of a type intended or commonly accepted for the purpose of identification of individuals.

18 U.S.C. § 1028 (d)(4) (1998).

Because of the jury instructions, the most we can be sure that the jury found beyond a reasonable doubt is that Villarreal transferred an identification document. *See United States v. Miranda,* 248 F.3d 434, 444 (5th Cir. 2001). The baseline statutory maximum term of imprisonment for transferring an identification document is three years. 18 U.S.C. § 1028 (b)(2) (1998).[3] Nonetheless, the trial court sentenced Villarreal to 189 months imprisonment, 153 more months imprisonment than the baseline statutory maximum.

The trial court sentenced Villarreal to 189 months imprisonment pursuant to 18 U.S.C. § 1028 (b)(1)(A). One convicted of violating 18 U.S.C. § 1028 (a)(2) can be sentenced to up to fifteen years imprisonment if the identification document is or appears to be an identification document issued by the United States, a birth certificate, a driver's license, or a personal identification card.[4] 18 U.S.C. § 1028 (b)(1)(A) (1998).[5] The jury, however, did not find beyond

---

[3]18 U.S.C. § 1028 (b)(2)(A) states:

(b) The punishment for an offense under subsection (a) of this section is–

      (2) except as provided in paragraphs (3) and (4), a fine under this title or imprisonment for ***not more than three years***, or both, if the offense is–
            (A) any other production, transfer, or use of a means of identification, an identification document, or a false identification document.

18 U.S.C. § 1028 (b)(2)(A) (1998) (emphasis added).

[4]The trial court made the same mistake, with respect to count three, that it made with count two–that is sentencing Villarreal to 189 months imprisonment when it intended to sentence him to 180 months. *See* Section 2.1 *supra.*

[5]18 U.S.C. § 1028 (b)(1)(A) states:

(b) The punishment for an offense under subsection (a) of this section is–

a reasonable doubt that the identification document the jury convicted Villarreal of transferring was or appeared to be either an identification document issued by the United States, a birth certificate, a driver's license, or a personal identification card because the trial court never submitted a jury instruction on that fact. The jury only found beyond a reasonable doubt that Villarreal transferred an identification document. *See Miranda,* 248 F.3d at 244.

Without a jury determination as to what kind of specific identification document the jury convicted Villarreal of transferring, the maximum the trial court could sentence Villarreal to was three years imprisonment. Villarreal's 189-month sentence clearly exceeds this baseline statutory maximum. Thus, the trial court erred when it sentenced Villarreal in excess of the baseline statutory maximum because Villarreal's enhanced sentence was based on a fact that the trial court did not submit to the jury and which the jury did not find beyond a reasonable doubt. *See Apprendi,* 120 S. Ct. at 2362-63; *Miranda,* 248 F.3d at 244.

Villarreal did not object to the trial court's procedures during sentencing. "If the forfeited error is plain and affects substantial rights," we can correct it. *United States v. Olano,* 507 U.S. 725, 735, 113 S. Ct. 1770, 1778, 123 L. Ed. 2d 508 (1993). We review Villarreal's sentence for

> (1) except as provided in paragraphs (3) and (4), a fine under this title or imprisonment for not more than 15 years, or both, if the offense is–
>
>> (A) the production or transfer of an identification document or false identification document that is or appears to be–
>>
>>> (i) an identification document issued by or under the authority of the United States; or
>>> (ii) a birth certificate, or a driver's license or personal identification card.

18 U.S.C. § 1028 (b)(1)(A) (1998).

8

plain error. *Miranda,* 248 F.3d at 243. Plain error is "1) an error; 2) that is clear or plain; and 3) that affects the defendant's substantial rights." *Id.* (citation omitted).

The trial court erred when it sentenced Villarreal to a term of imprisonment in excess of three years. *See id.* at 445. Thus, the first element of the plain error analysis is met. *See id.* An error is clear or plain if the error is "obvious or clear under current law." *Id.* (citation omitted). "A new rule for the conduct of criminal prosecutions must be applied retroactively to all cases, state or federal, pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a clear break with the past." *Id.* (citation omitted). The failure to have the jury determine that the identification document it convicted Villarreal of transferring was an identification document for which there was an enhanced sentence is obviously error in light of *Apprendi* since it is a fact that increased Villarreal's sentence beyond the baseline statutory maximum. *See id.* Thus, the second element of the plain error analysis is met. *See id.*

A defendant's substantial rights are affected if the error affected the outcome of the trial court proceedings. *Id.* The trail court sentenced Villarreal to 189 months imprisonment. The statutory maximum for which the trial court could sentence Villarreal was thirty-six months. The trial court sentencing Villarreal to 153 more months of imprisonment than the statute allowed is an error that affected Villarreal's substantial rights. *See id.* Based on the foregoing, we hold that the trial court's error was plain. *See id.*

Notwithstanding the plainness of the trial court's error, we will only correct forfeited error if the error "causes the conviction or sentence of an actually innocent defendant, . . . [or] seriously affects the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence." *Olano,* 507 U.S. at 736-37, 113 S. Ct. at 1779; *Miranda,* 248 F.3d at

9

245. Villarreal does not assert that he did not transfer an identification document, nor has a throrough review of the record revealed otherwise. As the government has acknowledged, the indictment is less than clear. In count three of the indictment the government alleged that:

> On or about February 9, 1998, in the Southern District of Texas, the defendant Juan H.Villarreal, did knowingly transfer and attempt to transfer, in and affecting interstate and foreign commerce, a *personal identification card,* that is a City of Laredo Birth Registration Card, knowing that such *personal identification card* was stolen or produced without lawful authority. In violation of Title 18, United States Code, § 1028 (a)(2).

(emphasis added).

The Registration Card is the only *identification document* the government alleged and the parties offered evidence of being transferred. Thus, the only *identification document* the jury could have convicted Villarreal of transferring is the Registration Card. Clearly, the Registration Card is not a driver's license nor is it an identification document issued by the United States. Moreover, the indictment does not charge that the Registration Card is a drivers license or an identification document issued by the United States.

The government argues, on appeal, that the Registration Card is in essence a birth certificate since the Registration Card is a true certification of birth facts. The government is wrong. The Registration Card is a three and half inch by two inch card that contains the bearer's name, date of birth and sex; the date it was filed and issued; the seal of the City of Laredo; and the signature of the local registrar. A birth certificate, although not defined in 18 U.S.C. § 1028, is a different document. A birth certificate is generally larger. It contains the same information a City of Laredo Birth Registration Card and more. It generally contains the time of birth, place of delivery, the bearer's weight and height, and the names of the parents, their age and place of birth.

10

Again, however, the indictment does not charge that the Registration Card is a birth certificate.

In the indictment, the government charged that the Registration Card was a *personal identification card*. A *personal identification card* is a statutorily defined *identification document*. The statute expressly defines a *personal identification card* as "an *identification document* issued by a State or local government solely for the purpose of identification." 18 U.S.C. § 1028 (d)(4) (1998) (emphasis added). The City of Laredo, a local government, issues the card, and its apparent sole purpose is identification.[6] A rational jury could be led to the conclusion that the Registration Card was a *personal identification card*. More importantly, the government apprized Villarreal of this conduct in the indictment. Villarreal had notice. And this was the only conduct the government offered evidence of during trial.

It is reasonably clear that Villarreal transferred an identification document for which there is an enhanced sentence in excess of the baseline statutory maximum. Thus, if we are to correct the forfeited error, we must decide that the error seriously affects the fairness, integrity or public reputation of judicial proceedings independent of Villarreal's actual innocence. In deciding whether to correct this forfeited error, we consider "whether applying the proper rule would result in [a] significant reduction in the length of [Villarreal's] sentence [for count three]." *Miranda,* 248 F.3d at 245.

---

[6]We recognize that the legislative history indicates that a *personal identification card* refers to a document akin to a drivers license issued to non-drivers for the sole purpose of identifying the bearer. The statute, however, does not define a *personal identification card* as a document akin to a drivers license. The statute defines a *personal identification card* as "an *identification document* . . . solely for the purpose of identification." 18 U.S.C. § 1028 (d)(4) (1998) (emphasis added). Since the statute is clear and unambiguous, our rules of statutory construction do not permit us to delve into the legislature's intent. *United States v. Barlow,* 41 F.3d 935, 942 (5th Cir. 1994).

11

Applying the proper rule would result in a significant reduction in the length of Villarreal's sentence for count three. If Villarreal had been sentenced as per the jury's findings, the longest term of imprisonment the trial court could have sentenced him to is three years. As it stands now, Villarreal's sentence for count three is fifteen years and nine months imprisonment–that is twelve years and nine months or 153 months more than the three-year maximum. In our discretion, sentencing Villarreal to 425% more imprisonment for a fact the jury did not find beyond a reasonable doubt seriously affect the fairness, integrity or public reputation of judicial proceedings independent of his actual innocence. *See Miranda,* 248 F.3d at 245-46. Thus, we vacate Villarreal's sentence for count three and remand for re-sentencing within the statutorily authorized range. We note, however, that Villarreal was sentenced concurrently for counts two, three, and five. Since his sentences are concurrent, Villarreal could still be ***imprisoned*** for up to fifteen years–just not for count three. *See* Section 2.1 *supra*.

### 2.4 The trial court's jury instructions did not constructively amend count three of the indictment.

Villarreal contends that the jury instructions constructively amended count three of the indictment in violation of the Fifth Amendment. Villarreal argues that the difference between the indictment and the jury instructions was so significant it allowed the jury to convict him of a crime for which he was not indicted. Villarreal's argument fails because he was convicted of the same conduct for which he was indicted, transferring a City of Laredo Birth Registration Card. *United Sates v. Robles-Vertiz,* 155 F.3d 725, 729 (5th Cir. 1998).

### 3. Conclusion

For the reasons stated above, we **Affirm** the conviction for count three, but **Vacate**

12

Villarreal's sentences for counts two and three and **Remand** for re-sentencing within the

applicable statutory range.