IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-31369
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

PRENTISS MARTIN; JEAN PERKINS,
also known as L.J., also known as Lawrence Parker,
also known as Jermain Allen,

                                        Defendants-Appellants.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 99-CR-395-3-L
--------------------
November 28, 2001

Before REAVLEY, DAVIS and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

     Prentiss Martin and Jean Perkins ("Appellants") appeal their convictions for conspiracy to produce false identification documents and transfer and use of identification documents in violation of 18 U.S.C. §§ 371 and 1028.

     The Appellants argue that the district court abused its discretion in refusing to grant a mistrial after two witnesses testified regarding a computer disk that the Appellants contend was previously suppressed by the district court.  The Appellants

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

also contend that the evidence was insufficient to establish the interstate commerce element of 18 U.S.C. § 1028 (c)(3)(a).

This court reviews the district court's denial of a motion for mistrial for an abuse of discretion. See United States v. Ramirez, 963 F.2d 693, 699 (5th Cir. 1992). The testimony regarding the computer disk found in Kelia Carrie's home was admissible under the district court's interpretation of its previous suppression ruling. Even if the court's suppression ruling extended to the computer disk itself, there was independent testimony regarding the disk and its contents from the individual who sold the disk to the Appellants. See United States v. Grosenheider, 200 F.3d 321 (5th Cir. 2000). Therefore, given the overwhelming evidence against the Appellants, it is unlikely that this testimony substantially impacted the jury's verdict. See Ramirez, 963 F.2d at 699.

The evidence presented at the Appellants' trial was sufficient to establish the interstate commerce element of 18 U.S.C. § 1028(c)(3)(A). See United States v. Villarreal, 253 F.3d 831 (5th Cir. 2001).

For the foregoing reasons, the convictions of the Appellants are AFFIRMED.