United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 21, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-40859
Summary Calendar

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

JOSE ANGEL VASQUEZ; FRANCISCO BOTELLO,

                              Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-01-CR-1174-16
--------------------

Before EMILIO M. GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     Jose Angel Vasquez and Francisco Botello were convicted by a jury of conspiring to possess with intent to distribute in excess of 1000 kilograms of marijuana and of possessing with intent to distribute less than 50 kilograms of marijuana.  Vasquez appeals his convictions and his sentence, while Botello appeals only his sentences.

Vasquez

     Vasquez first argues that the evidence was insufficient to sustain his convictions.  He contends that the testimony of the

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Government's confidential witness was incredible and insubstantial and that there was no credible evidence to show that he committed the offenses for which he was indicted.  "As long as it is not factually insubstantial or incredible, the uncorroborated testimony of a co-conspirator, even one who has chosen to cooperate with the government in exchange for non-prosecution or leniency, may be constitutionally sufficient evidence to convict."  United States v. Westbrook, 119 F.3d 1176, 1190 (5th Cir. 1997).  We have reviewed the record, and we cannot agree that the testimony of the confidential witness was insubstantial or incredible.  Moreover, a review of the sufficiency of the evidence does not include review of the weight of the evidence or of witness credibility.  See United States v. Garcia, 995 F.2d 556, 561 (5th Cir. 1993).  The evidence was sufficient to support Vasquez's convictions.

Vasquez also challenges the district court's evidentiary rulings.  He argues that the district court erred in admitting the hearsay statements of co-conspirators under FED. R. EVID. 801(d)(2)(e).  The district court did not abuse its discretion in admitting the challenged evidence.  See United States v. Cornett, 195 F.3d 776, 782 (5th Cir. 1999).

Vasquez also challenges the admission of mugshots taken following his arrest.  The district court did not abuse its

discretion in admitting the mugshots. See United States v. Carrillo, 20 F.3d 617, 620 (5th Cir. 1994); United States v. Torres-Flores, 827 F.2d 1031, 1039 (5th Cir. 1987).

Vasquez also contends that the district court erred in refusing to admit, pursuant to FED. R. EVID. 804(b)(3), an out-of-court exculpatory statement made by a co-conspirator. The district court did not abuse its discretion in refusing to admit the statement. See United States v. Vega, 221 F.3d 789, 803 (5th Cir. 2000). Because Vasquez has not shown error on the part of the district court with respect to his convictions, the convictions are AFFIRMED.

Finally, Vasquez argues that his 63-month sentence for possessing with intent to distribute less than 50 kilograms of marijuana should be corrected because it exceeds the 60-month statutory maximum under 21 U.S.C. § 841(b)(1)(D). The Government concedes the error. We review for plain error because Vasquez did not object in the district court. See United States v. Villarreal, 253 F.3d 831, 837 (5th Cir. 2001). "[A] sentence which exceeds the statutory maximum is an illegal sentence and therefore constitutes plain error." United States v. Sias, 227 F.3d 244, 246 (5th Cir. 2000). Because the error seriously affects the fairness and integrity of judicial proceedings, we will exercise our discretion to correct it. See United States v. Aderholt, 87 F.3d 740, 744 (5th Cir. 1996). Accordingly, we VACATE Vasquez's sentence for possession with intent to

distribute less than 50 kilograms of marijuana and remand for resentencing.

Botello

Botello challenges his sentences on two grounds. Botello first argues that his offense level should have been reduced by two levels for acceptance of responsibility under U.S.S.G. § 3E1.1(a) because he admitted responsibility for the 90 pounds of marijuana found in his vehicle. We accord great deference to the district court's denial of acceptance of responsibility. See United States v. Jefferson, 258 F.3d 405, 412 (5th Cir. 2001). Because Botello proceeded to trial and disputed his role in the offense, we decline to disturb the district court's determination that Botello is not entitled to a reduction for acceptance of responsibility. See United States v. Dean, 59 F.3d 1479, 1496 (5th Cir. 1995).

Botello also argues that the district court erred in holding him responsible for 540 pounds of marijuana. The district court's determination that Botello was responsible for 540 pounds of marijuana was plausible in light of the record as a whole and thus was not clearly erroneous. See United States v. Alford, 142 F.3d 825, 831 (5th Cir. 1998). Botello's sentences are AFFIRMED.

For the foregoing reasons, the judgment of the district court is AFFIRMED IN PART, VACATED IN PART, AND REMANDED FOR RESENTENCING AS TO VASQUEZ ONLY.