United States v. Morales

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 3rd day of September, two thousand twenty.

Present:     JON O. NEWMAN,
             ROSEMARY S. POOLER,
             PETER W. HALL,
                  *Circuit Judges*.
_____

UNITED STATES OF AMERICA,

                  *Appellee*,

         v.                                              18-2165

FRANCHESCA MORALES, AKA Checa,

                  *Defendant-Appellant*.[1]
_____

Appearing for Appellant:     Kristen M. Santillo, Gelber & Santillo PLLC, New York, N.Y.

                             Elizabeth E. Macedonio (*on the brief*), New York, N.Y.

Appearing for Appellee:      Jared Lenow, Assistant United States Attorney (Jessica Lonergan, Karl Metzner, *on the brief*), *for* Audrey Strauss, Acting United States Attorney for the Southern District of New York, New York, N.Y.

---

[1] The Clerk of Court is directed to amend the caption as above.

Appeal from the United States District Court for the Southern District of New York (Forrest, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **VACATED and REMANDED**.

Appellant Franchesca Morales appeals from the July 18, 2020 judgment of conviction entered in the United States District Court for the Southern District of New York (Forrest, *J.*) convicting Morales of one count of conspiracy to distribute and possess a kilogram or more of heroin, in violation of 21 U.S.C. § 846; one count of possession and use of a firearm in relation to the drug conspiracy in Count One, in violation of 18 U.S.C. § 924(c); and one count of possession of a firearm after having been convicted of a crime punishable by a term of imprisonment exceeding one year, in violation of 18 U.S.C. § 922(g). Following a jury trial, Morales was sentenced principally to twenty years' imprisonment. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Morales argues that her conviction under Section 922(g) should be reversed because the district court erred in instructing the jury that the government need not show that Morales knew she had been convicted of a crime punishable by imprisonment for a term exceeding one year, as required by the intervening case *Rehaif v. United States*, 139 S. Ct. 2191 (2019), and there is no evidence in the trial record demonstrating her knowledge.

We review this challenge under the plain error standard, "considering whether (1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Miller*, 954 F.3d 551, 557-58 (2d Cir. 2020) (internal quotation marks and citation omitted). As the parties acknowledge, the first and second prongs of this standard have been met given the decision in *Rehaif*. *See id.* at 558. However, the parties disagree as to whether the third and fourth prongs have been met.

## I. Whether Morales's Substantial Rights Were Affected

"In assessing the effect of the erroneous jury instructions on [Morales's] substantial rights, we consider the weight of the trial evidence bearing on the omitted element and whether the omitted element was essentially uncontroverted. We ask whether we can conclude, beyond a reasonable doubt, that a properly-instructed jury would have returned the same verdict." *Id.* (internal quotation marks, bracket, and citation omitted). And in doing so, we consider only the evidence that was actually presented to the jury. *Id.*

We agree with Morales that her substantial rights were affected. The most probative fact available to the jury was the stipulation to the existence of Morales's prior felony. But that stipulation did not mention the duration of her sentence or anything else indicative of her subjective knowledge at the time she possessed a gun as to whether she had been convicted of a crime punishable by a term of imprisonment exceeding on year. As such, no properly instructed jury would have accepted the stipulation as sufficient evidence of Morales's knowledge.

2

The government argues that a jury would have found Morales knew of her status based on the stipulation in conjunction with facts that give rise to the inference that Morales was intimately familiar with the criminal justice system, such as the facts that Morales continued to coordinate with her brothers after they had been imprisoned during the conspiracy and that Morales herself had been arrested, but released, during the conspiracy. Even assuming these facts support the inference the government suggests, the evidence is still insufficient. "While one could argue, based on reasonable speculation, that it was 'likely' or 'probable' that" Morales knew of her status at the time of possession, "the government ha[s] to prove more than likelihood or probability." *See United States v. Pauling*, 924 F.3d 649, 662 (2d Cir. 2019).

The government further argues that the evidence before the jury was sufficient based on Morales's attempt to hide the gun in a secret compartment, which it argues could be construed as circumstantial evidence of knowledge of her status. This argument is plausible, but weak. Morales could have hidden the gun for any number of reasons.

In sum, while the government certainly has some arguments that it could have made at trial, "we cannot conclude on the present record that the government's arguments are so strong that [Morales] would have had no plausible defense at trial." *See United States v. Balde*, 943 F.3d 73, 97 (2d Cir. 2019). Therefore, the error affected Morales's substantial rights.

## II. Whether the Error Affects the Fairness, Integrity, or Public Reputation of Judicial Proceedings

In considering whether reversing would seriously affect the fairness, integrity, or public reputation of judicial proceedings, we are not confined to the trial record, but rather can look at "reliable evidence in the record on appeal that was not a part of the trial record," such as a presentence investigation report. *Miller*, 954 F.3d at 560.

We conclude that the error in this case did affect the fairness, integrity, or public reputation of judicial proceedings. Unlike in *Miller*, here there is no evidence that " removes any doubt that [Morales] was aware of [her] membership in § 922(g)(1)'s class." *Id.* Neither Morales's actual sentence nor her 2013 plea colloquy necessarily put her on notice of her status. Morales was sentenced to a conditional discharge, meaning she served no carceral or probationary sentence, for each of her two predicate offenses. In addition, the sentencing judge informed her that if she violated the terms of her discharge, she would be sentenced to "one year" for each offense. Supp. App'x at 9. Morales could reasonably have understood this to mean that the maximum sentence she was exposed to for each offense was one year of imprisonment.

Although the government points to the fact that Morales was informed by the sentencing judge that she would have a felony record, the use of the word "felony" is not enough. As we explained in *United States v. Dillard*, 214 F.3d 88, 90 (2d Cir. 2000), Section 922(g) targets only a specific class of felonies defined as those "punishable by . . . a term exceeding one year" and as such excludes many nonviolent felonies. Thus, it is not enough to show that Morales knew that she had been convicted of a felony—the evidence must show that Morales knew she had been convicted of a crime *punishable by more than one year in prison. See also Rehaif*, 139 S. Ct. at 2198 (observing that Congress did not intend to reach a defendant who was convicted of a felony

but sentenced only to probation and thus unaware of the penalties attached to his felony conviction).

The final argument the government makes as to the fourth prong is that because Morales was given a concurrent sentence for her Section 922(g) conviction, the conviction does not severely compromise the fairness and integrity of the underlying proceedings. Though the sentence was concurrent, we cannot confidently say that this conviction had no bearing on Morales's overall sentence. And regardless of whether the conviction has any effect on Morales's overall sentence, a conviction on the basis of insufficient evidence nonetheless affects the fairness, integrity, or public reputation of judicial proceedings. *See Balde*, 943 F.3d at 98 ("Where a defendant has been convicted of and received a prison sentence for an offense of which there is a substantial possibility he is not guilty, there can be no serious question that allowing such an error to stand would significantly affect the fairness and integrity of judicial proceedings." (internal quotation marks, alterations, and citation omitted)); *see also United States v. Villareal*, 253 F.3d 831, 839 (5th Cir. 2001) (finding that the erroneous imposition of a sentencing enhancement based on a fact not found beyond a reasonable doubt by the jury satisfied the fourth prong of the plain-error standard, even though the defendant received a concurrent sentence).

We have considered the remainder of the government's arguments and find them to be without merit. Accordingly, the judgment of the district court convicting Morales of violating 18 U.S.C. § 922(g) is VACATED and the case is REMANDED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4